Singh v. Barr

BIA
Kolbe, IJ
A202 065 218

# UNITED STATES COURT OF APPEALS
# FOR THE SECOND CIRCUIT

## SUMMARY ORDER

**RULINGS BY SUMMARY ORDER DO NOT HAVE PRECEDENTIAL EFFECT. CITATION TO A SUMMARY ORDER FILED ON OR AFTER JANUARY 1, 2007, IS PERMITTED AND IS GOVERNED BY FEDERAL RULE OF APPELLATE PROCEDURE 32.1 AND THIS COURT'S LOCAL RULE 32.1.1. WHEN CITING A SUMMARY ORDER IN A DOCUMENT FILED WITH THIS COURT, A PARTY MUST CITE EITHER THE FEDERAL APPENDIX OR AN ELECTRONIC DATABASE (WITH THE NOTATION "SUMMARY ORDER"). A PARTY CITING TO A SUMMARY ORDER MUST SERVE A COPY OF IT ON ANY PARTY NOT REPRESENTED BY COUNSEL.**

At a stated term of the United States Court of Appeals for the Second Circuit, held at the Thurgood Marshall United States Courthouse, 40 Foley Square, in the City of New York, on the 22nd day of November, two thousand nineteen.

PRESENT:
> ROBERT A. KATZMANN,
> > *Chief Judge,*
> REENA RAGGI,
> SUSAN L. CARNEY,
> > *Circuit Judges.*

_____

MAKHAN SINGH,
> *Petitioner,*

v.

17-2931
NAC

WILLIAM P. BARR, UNITED STATES
ATTORNEY GENERAL,
> *Respondent.*

_____

FOR PETITIONER: Jaspreet Singh, Esq., Jackson Heights, NY.

FOR RESPONDENT: Chad A. Readler, Acting Assistant Attorney General; Greg D. Mack, Senior Litigation Counsel; Shahrzad Baghai, Trial Attorney, Office of Immigration Litigation, United States Department of Justice, Washington, DC.

UPON DUE CONSIDERATION of this petition for review of a Board of Immigration Appeals ("BIA") decision, it is hereby ORDERED, ADJUDGED, AND DECREED that the petition for review is DENIED.

Petitioner Makhan Singh, a native and citizen of India, seeks review of an August 23, 2017, decision of the BIA affirming a January 20, 2017, decision of an Immigration Judge ("IJ") denying asylum, withholding of removal, and relief under the Convention Against Torture ("CAT"). *In re Makhan Singh,* No. A202 065 218 (B.I.A. Aug. 23, 2017), *aff'g* No. A202 065 218 (Immig. Ct. N.Y. City Jan. 20, 2017). We assume the parties' familiarity with the underlying facts and procedural history in this case.

Because the BIA agreed with the IJ and "emphasize[d] particular aspects of that decision," we have reviewed both decisions. *Yun-Zui Guan v. Gonzales*, 432 F.3d 391, 394 (2d Cir. 2005). The applicable standards of review are well established. *See* 8 U.S.C. § 1252(b)(4)(B); *see also Chuilu Liu v. Holder*, 575 F.3d 193, 196 (2d Cir. 2009) (reviewing factual findings underlying burden of proof determinations under the substantial evidence standard); *Yanqin Weng v. Holder*, 562 F.3d 510, 513 (2d Cir. 2009) (reviewing questions

2

of law to undisputed fact de novo).  The agency did not err in finding that Singh failed to satisfy his burden of proof given problems with his testimony and a lack of reliable corroborating evidence that Congress Party members in India beat him and threatened him and his father because they were members of the Akali Dal Mann Party ("Mann Party").

"The testimony of the applicant may be sufficient to sustain the applicant's burden without corroboration, but only if the applicant satisfies the trier of fact that the applicant's testimony is credible, is persuasive, and refers to specific facts sufficient to demonstrate that the applicant is a refugee."  8 U.S.C. § 1158(b)(1)(B)(ii); *see also Chuilu Liu*, 575 F.3d at 196-97.  "In determining whether the applicant has met [his] burden, the trier of fact may weigh the credible testimony along with other evidence of record.  Where the trier of fact determines that the applicant should provide evidence that corroborates otherwise credible testimony, such evidence must be provided unless the applicant does not have the evidence and cannot reasonably obtain the evidence."  8 U.S.C. § 1158(b)(1)(B)(ii).  "No court shall reverse a determination made by a trier of fact with respect to the availability of corroborating evidence .

3

. . unless the court finds . . . that a reasonable trier of fact is compelled to conclude that such corroborating evidence is unavailable." 8 U.S.C. § 1252(b)(4).

The IJ did not err in declining to credit Singh's evidence of his alleged persecution and in finding it insufficient to meet his burden. The medical certificate Singh provided to corroborate an injury was not contemporaneous with treatment and had no foundation given Singh's testimony that he threw away the mailing envelope and his admission that he did not know how the document was created or what records the author relied on. *See Y.C. v. Holder*, 741 F.3d 324, 334 (2d Cir. 2013) ("We defer to the agency's determination of the weight afforded to an alien's documentary evidence."); *see also In re H-L-H- & Z-Y-Z-*, 25 I. & N. Dec. 209, 214 n.5 (BIA 2010) (noting that the "failure to attempt to prove the authenticity of a document through [8 C.F.R. § 1287.6] or any other means is significant"), *overruled on other grounds by Hui Lin Huang v. Holder*, 677 F.3d 130, 133-38 (2d Cir. 2012).

Nor was the IJ required to credit the evidence Singh submitted to corroborate his claim that Congress Party members harmed him, which consisted of statements from the

4

Mann Party president, a village leader, his mother, his uncle, and his neighbor. The statements were prepared for Singh's removal proceedings, they contained some nearly identical language, Singh's mother was an interested witness, and the authors were not available for cross-examination. *See Y.C.*, 741 F.3d at 334 (deferring to agency decision to afford little weight to petitioner's husband's letter because it was unsworn and from an interested witness); *see also In re H-L-H- & Z-Y-Z-*, 25 I. & N. Dec. at 215 (finding letters from friends and family insufficient to support alien's claims because the authors were interested witnesses not subject to cross-examination), *overruled on other grounds by Hui Lin Huang*, 677 F.3d at 133-38; *Surinder Singh v. BIA*, 438 F.3d 145, 148 (2d Cir. 2006) (determining that "the nearly identical language in the written affidavits allegedly provided by different people" was a proper consideration in an adverse credibility determination). Further, a Mann Party document, which confirmed Singh's membership in the party, did not contain any details of Singh's alleged persecution and contains a confusing postscript implying that the letter was a template that could be forged.

The IJ reasonably required corroboration given Singh's nonresponsive testimony about whether he had evidence of his father's political participation, and his inconsistent testimony about when his father went missing. *See* 8 U.S.C. § 1158(b)(1)(B)(ii); *see also Chuilu Liu*, 575 F.3d at 196-97. The IJ properly identified the missing evidence. *See Chuilu Liu*, 575 F.3d at 198-99. Singh testified that his father was a member of the Mann Party, influenced his political work, and was also threatened by the Congress Party, but he did not produce a letter from his father. The agency was not required to credit his explanation that his father could not provide a letter given Singh's inconsistent testimony about when his father went missing. *See* 8 U.S.C. § 1252(b)(4)(B); *Majidi v. Gonzales*, 430 F.3d 77, 80 (2d Cir. 2005) ("A petitioner must do more than offer a plausible explanation for his inconsistent statements to secure relief; he must demonstrate that a reasonable fact-finder would be *compelled* to credit his testimony." (internal quotation marks omitted)). And despite submitting a letter from the Mann Party about his own membership, he did not provide similar information about his father's membership. The IJ did not err in finding this evidence reasonably available given that,

6

a month prior to his hearing, Singh received a membership confirmation letter from the Mann Party that his father had arranged. *See* 8 U.S.C. § 1252(b)(4).

Given the lack of persuasive and credible testimony and reliable corroboration, the agency did not err in finding that Singh failed to satisfy his burden of establishing past persecution on account of his political opinion. *See* 8 U.S.C. § 1158(b)(1)(B)(ii); *Chuilu Liu*, 575 F.3d at 196-98. That finding is dispositive of asylum, withholding of removal, and CAT relief because all three claims were based on the same factual predicate. *See Paul v. Gonzales*, 444 F.3d 148, 156-57 (2d Cir. 2006).

For the foregoing reasons, the petition for review is DENIED. As we have completed our review, the pending motion for a stay of removal in this petition is DISMISSED as moot.

FOR THE COURT:
Catherine O'Hagan Wolfe, Clerk

7